IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PEDRO FIGUEROA-CARRASQUILLO,<br><br>    Plaintiff<br><br>       v.<br><br>PAROLE BOARD OF PUERTO RICO, <u>et al.</u>,<br><br>    Defendant(s) | **CIVIL NO.** 09-1435 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Defendants' Parole Board of Puerto Rico ("Parole Board"), the Commonwealth of Puerto Rico ("the Commonwealth"), the Department of Corrections and Rehabilitation ("DCR"), and Carlos Molina-Rodriguez's ("Molina-Rodriguez")(Referred to collectively herein as "Defendants") Motion to Dismiss (Docket No. 12). For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 15, 2009, Plaintiff filed a complaint against the Parole Board, the Commonwealth, the DCR, and Molina-Rodriguez in his official and individual capacities. (Docket No. 2).

Even though Plaintiff does not specify a cause of action in his complaint, this Court shall interpret his allegations as claiming a violation of his Constitutional and statutory rights, pursuant to 42 U.S.C. § 1983 as well as the Age Discrimination Act ("ADA"), 42

Civil 09-1435 (JAG)                                                                 2

U.S.C. § 6101 et seq. Specifically, Plaintiff alleges that Defendants infringed on his rights to be evaluated by the Parole Board for parole release and to be referred for pre-release and community programs for the purposes of rehabilitation. Additionally, Plaintiff alleges that he has been subjected to age discrimination in the process of his parole application. He requests an order to the Secretary of Corrections, Molina-Rodriguez, forcing him to stop age discrimination within his agency. Furthermore, he requests an order to the Parole Board to evaluate his application. Finally, he requests compensatory damages of $50,000 and unspecified punitive damages. (Docket No. 2).

On September 16, 2009, Defendants filed the present Motion to Dismiss (Docket No. 12). In their motion, Defendants allege that Plaintiff's claims should be dismissed because: 1) he failed to state sufficient facts to support his claims of age discrimination, 2) the claim for damages is barred by the Eleventh Amendment to the United States Constitution, and 3) his claim against the Parole Board is untimely because the Parole Board has not evaluated his request for parole. (Docket No. 12). On September 29, 2009, Plaintiff opposed Defendants' Motion. In this response he reiterates his statements against Molina-Rodriguez. He also adds details regarding the actions taken by his social worker Carmen Concepcion, referred to in the Response as Maria Concepcion, which are not relevant to the motions presently before the court. (Docket No. 14).

Civil 09-1435 (JAG)                                                        3

## STANDARD OF REVIEW

A. <u>Motion to Dismiss Standard</u>

In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." <u>Rodriguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 559). The court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 51 (1st Cir. 1990). <u>Twombly</u> does not require heightened fact pleading of specifics; however, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> at 555.

In <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), the Supreme Court upheld <u>Twombly</u> and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See <u>Iqbal</u>, 129 S. Ct. at 1949-50. The First Circuit has recently relied on these two principles as outlined by the Court. See <u>Maldonado v. Fontanes</u>, 568 F.3d 263, 266 (1st Cir. 2009). "First, the tenet that a court must accept as true all of the

Civil 09-1435 (JAG)                                                    4

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Id. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation". Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

In reviewing the dismissal of a pro se complaint for failure to state a claim, the Court must construe it liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)), and consider the allegations as true, Cooper v. Pate, 378 U.S. 546 (1964), in the light most favorable to the plaintiff. Harper v. Cserr, 544 F.2d 1121, 1122 (1st Cir. 1976). Pro se plaintiffs are required to plead basic facts sufficient to state a claim. Leonardo v. Moran, 611 F.2d 397, 398 (1st Cir. 1979). See

Civil 09-1435 (JAG)                                                    5

also Brown v. Hot, Sexy, and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995).

## DISCUSSION

A. Section 1983 Claims

Defendants claim that they are immune from suit under the Eleventh Amendment. It is necessary first to determine if they are liable under the statute at issue before addressing the Eleventh Amendment immunity defense. Power v. Summer, 226 F.3d 815, 818 (7th Cir. 2000) (citing Vermont Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 778-80 (2000))(overruled on other grounds).

1. Section 1983 "Person" Requirement

The Supreme Court has established:

"...in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). This definition applies to states and their department

Civil 09-1435 (JAG)                                                                 6

agencies in both claims for damages and equitable relief. Therefore, Defendants, with the exception of Molina-Rodriguez, cannot be liable under § 1983 because Puerto Rico[1] and its agencies are not persons for purposes of this statute. Thus the § 1983 claims against the Parole Board, the Commonwealth, and DCR must be dismissed.

However, commonwealth officials acting in their official capacity do not enjoy the same across-the-board exemption from § 1983 claims. In Will, the Court found that when state agents are sued in their official capacity for damages, they are not considered persons for the purposes of § 1983. Id. at 71. On the other hand, when the plaintiff is requesting equitable relief, the Court found state officials to be persons for the purposes of § 1983. Id. at 71 n.10 (citing Kentucky v. Graham, 473 U.S. 159, at 167, n. 14 (1985); Ex parte Young, 209 U.S. 123, 159-160 (1908)).

Additionally, the Supreme Court has found that state officials sued in their individual capacities are persons for the purposes of § 1983. Hafer v. Melo, 502 U.S. 21, 22 (1991). Plaintiff does not specify in his Complaint in what capacity he is suing Molina-Rodriguez. Nevertheless, this court can construe from Plaintiff's Response to Defendants' Motion to Dismiss that he is suing Molina-Rodriguez in both his individual and official capacities. It

---

[1] "Puerto Rico is treated as a state for the purposes of a § 1983 analysis." Costa-Urena v. Segarra, 590 F.3d 18, 22 n.1 (1st Cir. 2009) (citing Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 n.6 (1st Cir. 2008)).

Civil 09-1435 (JAG)                                                    7

follows that Molina-Rodriguez is considered a person under § 1983 when being sued in his official capacity for equitable relief. Furthermore, he is also considered a person when being sued in his individual capacity. Thus this Court must now turn to the Eleventh Amendment analysis for the remaining claims against Molina-Rodriguez.

2. Eleventh Amendment Immunity

The Eleventh Amendment "prohibit[s federal courts] from hearing most suits brought against a state by citizens of that or any other state." Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 938 (1st Cir. 1993). "[D]espite the absence of any express reference," the Eleventh Amendment "pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991).

"[T]he government enjoys broad protection through the operation of the sovereign immunity doctrine." Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005). Often, a suit against a state official is considered a suit against the state, which triggers Eleventh Amendment immunity. Asociacion De Subscripcion Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 24 (1st Cir. 2007). On the other hand, the Eleventh Amendment does not provide immunity to state officials acting in their official capacity when sued for equitable relief. Will, 491 U.S. at 71 n. 14 (1989).

Civil 09-1435 (JAG)                                                    8

The Eleventh Amendment does not apply in a suit against an officer to recover damages for the agent's personal actions, because the judgment sought will not require action by the sovereign or disturb the sovereign's property. See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687 (1949). As such, the sovereign immunity doctrine does not bar personal-capacity suits against state officials because "it is clear that a suit against a government official in his or her personal capacity cannot lead to imposition of fee liability upon the governmental entity." Kentucky v. Graham, 473 U.S. 159, 167 (1985). Thus, a citizen may seek monetary damages against a state officer for acts done under color of law, but only if the officer is sued in his or her individual capacity. Id.

Defendants stress that Molina-Rodriguez is an official of the Commonwealth of Puerto Rico and that the Eleventh Amendment bars official capacity suits against agents of the Commonwealth. However, Plaintiff clarified in his Response to the Motion to Dismiss that the suit brought against Molina-Rodriguez is in his individual and his official capacities. Consequently, since Plaintiff is suing Molina-Rodriguez in his official capacity for equitable relief and individual capacities, Molina-Rodriguez is not immune from suit through the Eleventh Amendment immunity. This court must now turn to the Rule 12(b)(6) analysis.

3. Failure to State a Claim

Defendants allege that the § 1983 claim against Molina-

Civil 09-1435 (JAG) 9

Rodriguez should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In the Complaint, Plaintiff fails to allege all the necessary elements to file a § 1983 claim. Plaintiff alleges that Molina-Rodriguez "has knowledge of all [these] violations and discriminatory acts, but he has kept a[n] atitud[e] of deli[b]erate indi[f]ference to age discrimination." The Court has stated that "deliberate indifference" may, in certain circumstances, be sufficient conduct for the purposes of a § 1983 claim. City of Canton v. Harris, 489 U.S. 378, 388 (1989). However, alleging deliberate indifference requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). Plaintiff alleges that Molina-Rodriguez had knowledge that Carmen Concepcion, the social worker, denied Plaintiff his right to be evaluated by the Parole Board. Additionally, Plaintiff alleges that Molina-Rodriguez maintained deliberate indifference toward this denial. These claims are conclusory legal statements unsupported by factual allegations. After taking Plaintiff's facts as true, this court finds they do not rise to the level necessary to meet the burden required under Iqbal as they are conclusory. Without further factual allegations supporting these statements Plaintiff's § 1983 claims against Molina-Rodriguez in both his official and individual capacities must be dismissed.

B. Age Discrimination Act Claim

Civil 09-1435 (JAG)                                                  10

Finally, plaintiff presents a claim under the ADA. The ADA prohibits age discrimination by entities receiving federal financial assistance. 42 U.S.C. § 6102. Section 303 of the ADA provides in pertinent part that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." Id. A plaintiff must exhaust the administrative remedies set forth in 42 U.S.C. § 6104 and 45 C.F.R. 90.50 before bringing an action under the ADA. Administrative remedies are considered exhausted if 180 days have elapsed since the complainant filed a complaint before the relevant federal funding agency and the agency has made no finding, or if, whatever the interval, the agency has found in favor of the complainant. 42 U.S.C. § 6104(f); 45 C.F.R. § 90.50(a). Moreover, before filing an action in federal court, the complainant must give thirty days' notice by registered mail to the Secretary of Health and Human Services, the Attorney General, the head of the granting agency, and the grant recipient. 42 U.S.C. § 6104(e)(1); 45 C.F.R. § 90.50(b)(3)(iii). This notice must state the alleged violation of the ADA, the relief requested, the court in which the action shall be brought, and whether attorney's fees will be demanded if the plaintiff prevails. 42 U.S.C. § 6104(e)(2); 45 C.F.R. § 90.50(b)(3)(iv).

The record is devoid of any evidence that administrative remedies were exhausted in this case. Since the exhaustion of

Civil 09-1435 (JAG)                                                    11

administrative remedies is a prerequisite to filing an action pursuant to the ADA, Plaintiff's claim under the ADA must be dismissed.

**CONCLUSION**

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss (Docket No. 12). Plaintiff's claims under § 1983 against Defendants are dismissed with prejudice. Plaintiff's claims under the ADA against Defendants shall be dismissed without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of June, 2010.

                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge